IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CAREY LONNELL BRESHERS, JR.,<br><br>Defendant. | Case No. 3:10-CR-30212-NJR-1 |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is an Emergency Motion for Reduction of Sentence Under 18 U.S.C. 3582(c)(i)(A)(i) & Expedited Ruling Requested Due to COVID-19 Pandemic filed by Defendant Carey Lonnell Breshers, Jr. (Doc. 65). Breshers asks the Court to grant his request for compassionate release and enter an order reducing his sentence to time-served due to his medical conditions and the COVID-19 pandemic (*Id.*).

### BACKGROUND

On February 10, 2012, Breshers pleaded guilty to two counts of kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (Doc. 45, p. 1). While armed with a firearm, Breshers entered a bank and kidnapped two women. After having the women drive him around in their vehicle while attempting to unlawfully cash checks from that bank, he settled for $1,100.00 the bank had on hand, left the women at an abandoned building in St. Louis, and drove off with the car. (Doc. 73, pp. 2-3).

In February 2012, now-retired District Judge Michael J. Reagan sentenced Breshers

to 293 months' imprisonment on Counts 1 and 2, and 240 months' imprisonment on Count 4, to run concurrently (Doc. 45, p. 2).[1] The sentence was to run consecutively to a 120-month sentence he was already serving on a sentence imposed by the District of Kansas (*Id.*). Breshers is scheduled to be released on April 7, 2040.[2]

Breshers, who is now 61 years old, argues his medical conditions constitute extraordinary and compelling reasons to release him under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) (Doc. 65, p. 11). Specifically, Breshers states that he suffers from heart problems, diabetes,[3] high blood pressure, high cholesterol, and obesity (*Id.*). He also asserts there are poor sanitary conditions at his facility (*Id.* at pp. 11-12). Breshers points to multiple factors that suggest he would not be a danger to society or a recidivism risk, such as over nine years of time served, good time credits earned, continuous efforts to have a good discipline record, keeping a distance from bad influences or gang affiliation, earning a GED, being employed during incarceration as a dishwashing machine operator, having training in SenSafe and OSHA safety regulations, and potentially being supervised by a United States Probation Officer if released (*Id.* at pp. 12, 28-29). Breshers also argues that the information described above qualifies as "other reasons" to grant him compassionate release (*Id.* at 14).

The Government opposes the motion, arguing Breshers failed to demonstrate extraordinary and compelling reasons for compassionate release (Doc. 73, p. 19). While

---

[1] Judge Reagan allowed Breshers to withdraw Count 3 after being incorrectly advised of the statutory minimum sentence for that count (Doc. 37).
[2] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Nov. 19, 2020).
[3] Medical records indicate Breshers has type 2 diabetes (Doc. 73-1, p. 18).

having chronic medical conditions, Breshers does not have a terminal illness, and he does not have conditions that create an inability for him to care for himself within the prison environment (*Id.*). Breshers is at increased risk of severe complications from COVID-19 due to his diabetes and potentially because of his obesity (*Id.*). Yet, his medical conditions can only be managed if Breshers complies with medical services and treatment plans (*Id.* at p. 20). Despite his many medical conditions, Breshers has shown noncompliance with medical treatment, has declined services, and has skipped lab call outs (Doc. 73-1, pp. 15, 31, 169, 195, 212, 228). Most recently, medical records show Breshers has been noncompliant with medication orders for his diabetes (Doc. 73; Doc. 73-1, pp. 15, 31).

Even if Breshers had any compelling medical reason for release, the Government argues that the Section 3553(a) sentencing factors do not merit compassionate release (Doc. 73, p. 23). Not only do the nature and circumstances of the offense remain unchanged, but Breshers's history and characteristics also remain unchanged. Although Breshers has attended some drug and education classes and has obtained his GED for a second time, he also was disciplined twice in 2013, and is considered at high risk for recidivism by the Bureau of Prisons (*Id.*). Furthermore, the sentence originally imposed reflects the seriousness of the offense, promotes respect for the law, provides sufficient punishment for the offense, protects other persons and the community from further crimes by Breshers, and provides Breshers with medical care and correctional treatment (*Id.*). The Government argues that releasing Breshers before being even halfway into his sentence would run against the Section 3553(a) factors (*Id.* at p. 24).

The Government further asserts Breshers would be a danger to another person or

the community if he were released (Doc. 73, p. 17). The Government argues Breshers's knowledge of how to operate an industrial dishwasher machine, and potentially find employment, does not ensure he will no longer kidnap women, rob people at gunpoint, and engage in multi-state crime sprees (*Id.*). Additionally, the Government argues Breshers's prison discipline record and good time credit fail to outweigh his criminal history and pattern of recidivism (*Id.* at 18).

Finally, the Government argues that Breshers does not qualify for release due to any other reasons (Doc. 73, p. 21). The Government suggests Breshers's fear of getting the COVID-19 virus is not enough when the Bureau of Prisons has taken steps to protect inmates and keep the virus from penetrating prison walls (*Id.* at 22).

## THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.[4]

After such a motion is filed, either by the Director of the Bureau of Prisons or by the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that

---

[4] The Government does not contend that Breshers failed to exhaust his administrative remedies.

"extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id*. The policy statement also requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

## DISCUSSION

Under Application Note 1(A)(ii) to U.S.S.G. § 1B1.13, extraordinary and compelling reasons for reducing a sentence exist where the defendant is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Here, Breshers has not made that showing. While he has heart issues, diabetes, high blood pressure, high cholesterol, and obesity, there is no evidence that he cannot care for himself within the correctional facility. Breshers also has a history of

noncompliance and denial of certain medical treatment and services. Breshers cannot refuse to take steps to better his own health, then use that uncontrolled disease as a get-out-of-jail-free card.

Furthermore, even if Breshers's conditions qualified as extraordinary or compelling, in order to grant his motion for compassionate release, the Court must also consider the § 3553(a) factors and determine that Breshers is not "a danger to the safety of any other person or to the community." Here, the Court cannot make that finding with respect to Breshers, considering his substantial criminal history. His adult convictions began in his early twenties and include robbery in the first degree, escape, statutory rape, as well as the offenses involved in this case (Doc. 39, p. 3). Breshers also was disciplined twice in 2013 (Doc. 73-5).

Breshers argues that he is not a danger (Doc. 65, p. 28). As evidence of his reform, Breshers notes that he is not a danger because he has a good discipline record, obtained his GED, distanced himself from bad influences and gang activity, is employed as a dishwashing machine operator, and learned skills for working in the food service or hotel industry (*Id*.). While records from the Bureau of Prisons support Breshers's claims, the Government argues that these accomplishments do not show that Breshers no longer poses a danger to others (Doc. 73, pp. 17-19; Docs. 73-2, 73-3, 73-4, 73-5).

The Court agrees. Given Breshers's significant—and violent—criminal history, the Court is unable to say that Breshers would not be a danger to the safety of any other person or the community if he were released. While the Court respects and applauds Breshers's considerable efforts to better himself, those accomplishments unfortunately

are not enough to warrant compassionate release under 18 U.S.C. § 3582.

Moreover, to allow Breshers to be released after only less than ten years of his sentence would fail to provide just punishment for his offenses. *See* 18 U.S.C. § 3553(a)(2)(A). To do this would show complete disregard for the seriousness of the offenses and disrespect for the law. The Court is also concerned that such a short sentence would fail to deter Breshers from further criminal conduct and, thus, would place the community at risk of additional crimes. *See* 18 U.S.C. § 3553(a)(2)(B)-(C).

Finally, the Court acknowledges that COVID-19 is a serious and extremely contagious illness that has presented unprecedented challenges for the Bureau of Prisons. The Centers for Disease Control and Prevention lists heart problems, type 2 diabetes, and obesity as conditions that place an individual at an increased risk for severe illness from the virus that causes COVID-19, while high blood pressure is listed as a condition that "might" place an individual at an increased risk.[5] Nevertheless, "the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease." *United States v. Sheppard*, No. 09-30001, 2020 WL 2128581, at *2 (C.D. Ill. May 5, 2020). While Breshers claims he fears losing his life due to COVID-19, he refuses to take steps that would otherwise mitigate that risk, and he is a danger to other persons and the community.

For these reasons, the Court finds that Breshers has not established any extraordinary and compelling reasons warranting a reduction in his term of

---

[5] Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 19, 2020).

imprisonment. His Emergency Motion for Reduction of Sentence Under 18 U.S.C. 3582(c)(i)(A)(i) & Expedited Ruling Requested Due to COVID-19 Pandemic (Doc. 65) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   November 23, 2020

*Nancy J. Rosenstengel*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**