IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:10-CR-30212-NJR-1 |
| CAREY LONNELL BRESHERS, JR., | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a *pro se* Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the second one filed by Defendant Carey Lonnell Breshers. (Doc. 75). In 2012, Breshers pleaded guilty to two counts of kidnapping and one count of interference with commerce by robbery related to a 2010 incident in which he kidnapped two employees of World Finance, Incorporated, and robbed the company of $1,104 in cash. (Docs. 40, 45). As detailed by the Government in its response, Breshers' crimes were life-changing for his victims, causing them extreme anxiety and distress. (Doc. 78).

Now-retired District Judge Michael J. Reagan sentenced Breshers to a total of 293 months' imprisonment and three years' supervised release. (Docs. 43, 45). Breshers is now 62 years old and is scheduled to be released from Bureau of Prisons (BOP) custody on April 7, 2040.[1] The Court denied his first motion for compassionate release on

---

[1] https://www.bop.gov/inmateloc/ (last visited Feb. 4, 2022).

November 23, 2020. (Doc. 74).

Prior to the passage of the First Step Act of 2018 a defendant seeking compassionate release first had to request it from the director of the BOP. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act modified that provision to allow inmates to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

After such a motion is filed, either by the director of the BOP or by the defendant, the Court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons" support release and it has considered the sentencing factors of 18 U.S.C. § 3553(a). *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021). The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the § 3553(a) factors when deciding compassionate release motions. *Id.* District courts may also turn to the policy statement in U.S.S.G. § 1B1.13 for guidance in exercising their discretion, though the policy is not binding on the Court unless the motion is brought by the BOP. *Id.* (citing *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020)).

Here, there is no dispute Breshers exhausted his administrative remedies before filing his motion. Thus, the Court must examine whether Breshers has presented extraordinary and compelling reasons warranting a sentence reduction. Breshers cites the COVID-19 pandemic, along with his obesity, high blood pressure, and diabetes, as

reasons he should be released. He also references his facility's poor management of the pandemic. Finally, with regard to the § 3553(a) factors, Breshers admits his prior conduct was reprehensible but claims he has been rehabilitated.

In response, the Government argues that Breshers has been fully vaccinated against COVID-19. Furthermore, his medical records indicate he has been compliant with his medications, and he has not been seen by health services except for routine lab work. Thus, his medical conditions appear to be under control. Finally, the Government asserts that Breshers remains a danger to society. At the age of 16, Breshers pleaded guilty to second-degree burglary, and he was convicted of first-degree manslaughter after being prosecuted as an adult. In 1982, at age 22, Breshers was convicted of first-degree robbery after beating a woman in the face and head and stealing her purse. A year later, he was convicted of escape from prison. At age 37, Breshers was convicted of statutory rape of a 14-year-old girl and stealing. Finally, in 2010, Breshers committed the offenses that landed him in federal custody.

Breshers' second motion presents no new circumstances warranting compassionate release. The COVID-19 pandemic, on its own, is not an extraordinary or compelling reason for release, especially considering Breshers has been fully vaccinated. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (the widespread availability of COVID-19 vaccines "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) (prisoners who have access to vaccine cannot use risk of COVID-19 to obtain compassionate release). Additionally, Breshers' chronic medical

conditions appear to be well controlled at this point, and FCI Williamsburg appears to be handling the pandemic as well as any correctional facility considering the virulent, yet mild, Omicron variant.[2]

Moreover, as the Court observed in its previous order, Breshers' significant and violent criminal history gives the Court no confidence that the community would be safe if he were released. The short list of classes he has taken while incarcerated is far outweighed by the long list of crimes he has committed. Releasing Breshers now, with 18 years remaining on his sentence, would diminish the seriousness of his crime. It also would fail to provide just punishment, fail to account for his criminal history, and fail to protect the public from further crimes by Breshers.

For these reasons, the second *pro se* Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by Defendant Carey Lonnell Breshers (Doc. 75) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   February 4, 2022

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[2] https://www.bop.gov/coronavirus/ (last visited Feb. 4, 2022).